Totten J.,
delivered the opinion of the court.
The case is an action of assumpsit, in the circuit court of Cannon, for $200, the price of a buggy. The judgment was for the defendant, and the plaintiff has appealed in error to this court.
It appears, that the defendant made a verbal agreement with the plaintiff, to sell to him a tract of land, and to take the buggy at $200, in part payment. The contract was to be reduced to writing, but in the meantime, the plaintiff delivered the buggy into defendant’s possession, under said agreement.
When the parties afterwards met at Woodbury, to reduce the contract to writing, they differed as to the terms, and mutually abandoned it. There is no proof, that any demand was made for the buggy, or that it had been so used by defendant as to amount to a conversion before the institution of this suit. Upon this state of facts, his Honor, the circuit judge, was of opinion, that the plaintiff was not entitled to recover, and we concur with him in that opinion.
*197 The buggy was delivered upon an agreement, which, for want of written evidence of its existence and terms, is to be considered as merely void, under the statute of frauds, 1801, ch. 25. The price stipulated was to be paid in land. It was not the intention of the parties, that defendant was to pay $200 for the buggy, as upon a separate contract, independent of the trade concerning the land.
The sale of the buggy was connected with and dependent upon the agreement about the land, and, as that was a void agreement, so the sale of the buggy, as incident thereto, must be considered as void.
The defendant was in fact, a mere depositary of the property under an invalid, verbal agreement, which was never perfected, but was afterwards abandoned by the parties, and no title vested in the defendant, and no right to the price stipulated, accrued to the plaintiff.
The defendant cannot, therefore, be held liable for the value of the buggy, as upon contract, without some further act on his part, clearly manifesting an intention to keep the property as his own, notwithstanding the failure of the contract, under which it came into his possession. Such further act must amount to a conversion of the property, as if he use it as his own, or, on demand being made, refuse to deliver it.
To hold otherwise, would be in effect, to enforce upon defendant, a sale of the property, against hi's agreement and his will.
Let the judgment be affirmed.